# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

DIANA CARROLL, as Special )
Administrator of the Estate of )
Rodney James Carroll, deceased, )
                                                              )
                Plaintiff, )
                                                              )
v. )   Case No. CIV-15-674-D
                                                             )
UNITED STATES OF AMERICA, )
                                                             )
                Defendant. )

## ORDER

This matter comes before the Court on the government's Motion to Dismiss [Doc. No. 32], to which Plaintiff has filed her response in opposition [Doc. No. 36], and the government has replied [Doc. No. 39]. The matter is fully briefed and at issue.

## BACKGROUND

While traveling westbound on U.S. Highway I-44 in icy conditions, Mr. Rodney Carroll and his wife, the plaintiff, witnessed the vehicle ahead of them (driven by Laronna Gibbons) spin out of control and come to a stop, partially blocking the highway. Mr. Carroll pulled over on the shoulder and attempted to assist Ms. Gibbons. During this time, Mr. Laughter Smith, who was also traveling westbound on I-44, approached the scene while driving a school bus from Riverside Indian School, a Native American boarding facility in Anadarko,

Oklahoma. Upon observing Ms. Gibbons' vehicle stalled in the road, Mr. Smith swerved in an attempt to avoid it; however, he clipped the vehicle's front bumper, causing it to spin. While in rotation, the vehicle struck and killed Mr. Carroll. At the time of the accident, it was nighttime and there were no lampposts or streetlights on the highway, and Mr. Smith did not see Mr. Carroll.

Pursuant to the Federal Tort Claims Act (FTCA or the Act), 28 U.S.C. § 2671 *et seq.*, Plaintiff assigned to her attorney the authority to present a Claim for Damage, Injury or Death (Government Tort Claim Act Form SF-95) to the Department of Interior, Bureau of Indian Affairs [Doc. No. 36-55]. In the "Basis of Claim" box, Plaintiff stated "An employee of Riverside Indian School, while in the course and scope of his employment negligently drove a school bus causing it to collide with Rodney James Carroll causing his death." The government did not respond within six months and the claim was deemed denied.[1]

The SF-95 form identified the "Estate of Rodney James Carroll c/o Diana Carroll, Special Administrator" as the claimant. In the "Amount of Claim" section, the form provided a box for each type of damage: property damage, personal injury, and wrongful death. Ten million dollars ($10,000,000) was claimed in the "wrongful death" box. No claim was made for either "property damage" or

---

[1] Under the FTCA, a claim is considered "denied" when there has been a formal denial or the agency fails to make a final disposition within six months. *Barnes v. United States*, 776 F.3d 1134, 1139 (10th Cir. 2015) (citing 28 U.S.C. § 2675(a)).

"personal injury." Damages listed on the continuation page of the SF-95 included (1) the loss of financial support of contributions of money to Plaintiff; (2) Plaintiff's grief; (3) Plaintiff's loss of the society, services, companionship, and marriage relationship; (4) the grief of Mr. Carroll's children; (5) loss of companionship and parental care, training, guidance, or education that would have come from Mr. Carroll; (6) Mr. Carroll's pain and suffering; (7) medical and burial expenses; and (8) loss of income to Mr. Carroll's estate.

Upon the denial of her claim, Plaintiff filed suit. The government moves to dismiss and seek summary judgment as to Plaintiff's claims on the grounds that (1) her negligence claim fails as a matter of law; and (2) Plaintiff failed to exhaust administrative remedies as to her wrongful death claim, and thus, the Court lacks subject matter jurisdiction as to that cause of action. Alternatively, the government moves for summary judgment on Plaintiff's claims.

## STANDARD

Plaintiff bears the burden of establishing that her FTCA claim is within the court's subject matter jurisdiction. *McBride v. CITGO Petroleum Corp.*, 281 F.3d 1099, 1106 (10th Cir. 2002) ("[B]ecause failure to exhaust administrative remedies is a bar to subject matter jurisdiction, the burden is on the plaintiff as the party seeking federal jurisdiction to show, by competent evidence, that she did exhaust."). A motion to dismiss for lack of subject matter jurisdiction generally

3

attacks the complaint's allegations in one of two ways: a facial attack or a factual attack. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995) (citation omitted). A facial attack questions the sufficiency of the complaint's allegations, and a factual attack questions the facts used to support the complaint's allegations. *Id*. at 1002-03. Here, the government makes a factual attack in that it challenges the facts in support of Plaintiff's Complaint. When reviewing a factual attack on subject matter jurisdiction, the Court may not presume the truthfulness of the Complaint and has wide discretion to reference evidence outside the pleadings without converting the motion to a motion for summary judgment. *Id*. at 1003.

When addressing a motion for summary judgment, the Court views both the undisputed facts and all reasonable inferences therefrom in the light most favorable to Plaintiff. *Deherrera v. Decker Truck Line, Inc*., 820 F.3d 1147, 1159 (10th Cir. 2016). Summary judgment is appropriate if the government shows there is no genuine dispute as to any material fact and it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). As movant, the government bears the initial burden of making a prima facie showing of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Fox v. Transam Leasing, Inc*., 839 F.3d 1209, 1218 (10th Cir. 2016) (citing *Savant Homes, Inc. v. Collins*, 809 F.3d 1133, 1137 (10th Cir. 2016)). Where, as here, the government does not bear the

burden of persuasion at trial, it may satisfy its burden by pointing out a lack of evidence on an essential element of Plaintiff's claim. *Id*.

Upon meeting this burden, the burden then shifts to Plaintiff to set forth specific facts from which a rational trier of fact could find in her favor. *Fox*, 839 F.3d at 1219. To satisfy this burden, Plaintiff must identify facts by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein. *Id*. These facts must, at a minimum, establish an inference of the presence of each element essential to the case. *Id*.

## DISCUSSION

### I

Since subject matter jurisdiction is a primary concern of the federal courts, the Court will address it first. *Farmer v. Banco Popular of North America*, 791 F.3d 1246, 1254 (10th Cir. 2015) (noting that subject matter jurisdiction is a "threshold inquiry"). The FTCA is a limited waiver of sovereign immunity making the federal government liable to the same extent as a private party for certain torts of federal employees acting in the scope of their employment. *United States v. Orleans*, 425 U.S. 807, 813 (1976). "[A]s a prerequisite to suit under the [FTCA,] ... the claim [must] first be presented to the appropriate federal agency and be finally denied by the agency. This requirement is jurisdictional and cannot be waived." *Koch v. Potter*, 177 F.App'x 785, 786 n. 1 (10th Cir. 2006) (unpublished)

5

(quoting *Three-M Enters., Inc. v. United States*, 548 F.2d 293, 294 (10th Cir. 1977) (emphasis in original)).

In order to provide adequate notice to the appropriate agency under the FTCA, a claimant must file "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." *Bradley v. United States ex rel. Veterans Admin.*, 951 F.2d 268, 270 (10th Cir. 1991); *see also Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 852 (10th Cir. 2005). The burden is on the claimant to provide sufficient information regarding the nature and merits of her claim as to liability. *Keene Corp. v. United States*, 700 F.2d 836, 842 (2d Cir.), *cert. denied*, 464 U.S. 864 (1983). Although filing a SF-95 is the usual method of giving notice, no particular method is required. *Cook v. U.S. on Behalf of U.S. Dep't of Labor*, 978 F.2d 164, 166 (5th Cir. 1992). The notice requirement is meant to inform the agency of the circumstances of the incident so it can investigate and respond either by settlement or defense. *Borgren v. United States*, 723 F.Supp. 581, 582 (D. Kan. 1989).

The government contends Plaintiff failed to properly give notice of her wrongful death claim. Specifically, the government alleges Plaintiff's SF-95 commingles a survival and wrongful death action, in that although it provides a sum certain under the "wrongful death" category, Plaintiff seeks recovery for

damages that are recoverable only under survivorship claims. The government also cites to correspondence submitted by Plaintiff's attorney which references submission of the claim on behalf of the estate. Accordingly, the government submits Plaintiff has failed to exhaust administrative remedies for a wrongful death claim. *See* Mot. at 14-15.

In *Frantz v. United States*, 791 F.Supp. 445 (D. Del. 1992), plaintiffs filed a wrongful death action under the FTCA. The government argued that plaintiffs failed to comply with the notice requirements, thereby depriving the district court of jurisdiction. In examining whether the plaintiffs filed a proper claim, the district court explained:

> If multiple claimants exist, each claimant must individually satisfy the jurisdictional prerequisite of filing a proper claim, unless another is legally entitled to assert such a claim on their behalf. ... If multiple claims are asserted on a single claim form, the form must give "constructive notice" sufficient to warrant investigation of each claim. ... Mere reference to a related cause of action, based upon the same facts, will be insufficient when it fails to provide the Government notice of the nature and amount of the claim.

*Id*. at 447-48 (citations omitted). Therefore, the question presented here is whether Plaintiff provided sufficient notice to support each of the claims she now asserts. "Because plaintiff bears the burden of establishing that a proper administrative claim has been filed, and because wrongful death and survivorship claims are separate and distinct causes of action, plaintiff must show that it gave specific notice of the claimants and the nature of the injury as to both causes of action, or

7

face dismissal for lack of jurisdiction." *Barrett v. United States*, 845 F.Supp. 774, 783 (D. Kan. 1994) (citing *Frantz*, 791 F.Supp. at 450-51).

Under Oklahoma law, wrongful death and survivorship actions are separate and distinct. *See* 12 OKLA. STAT. §§ 1051-1053; *Kimberly v. DeWitt*, 1980 OK CIV APP 2, ¶ 7, 606 P.2d 612, 615; *compare Berry of City of Muskogee, Okla.*, 900 F.2d 1489, 1504-05 (10th Cir. 1990) ("Wrongful death statutes create new causes of action in the most technical sense simply because such actions were unknown at common law and the decedent's survivors did not have a cause of action for the decedent's personal injuries while he lived. ... The substantive right, however, is that of the decedent.") (citations omitted). Oklahoma's wrongful death statute, 12 OKLA. STAT. § 1053, provides:

> When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, or his or her personal representative if he or she is also deceased, if the former might have maintained an action, had he or she lived, against the latter, or his or her representative, for an injury for the same act or omission.

*Id*. § 1053(A). The damages recoverable in wrongful death actions include (1) medical and burial expenses; (2) loss of consortium and grief of the surviving spouse; (3) mental pain and anguish suffered by the decedent; (3) pecuniary loss to the survivors; and (4) grief and loss of companionship of the children and parents of the decedent. *See* 12 OKLA. STAT. § 1053(B).

The Court finds that the administrative claim filed by Plaintiff in this case adequately provided sufficient information to enable the government to conduct a full investigation of the incident which resulted in Plaintiff's claim. Plaintiff's SF-95 alleged negligence on Mr. Smith's part and sought recovery of $10 million under the "wrongful death" category. With the exception of loss of income to Mr. Carroll's estate, each category of damages identified in the SF-95 are recoverable under § 1053(B). Moreover, the SF-95 identified Plaintiff as special administrator for Mr. Carroll's estate. Based on the foregoing facts, the Court finds the government had adequate notice of Plaintiff's intent to pursue a wrongful death action and the Court has subject matter jurisdiction over said claim.[2]

## II

Next, the government contends Plaintiff's negligence claim fails as a matter of law in that there was no cognizable duty owed by Mr. Smith to Carroll at the time of the accident since he did not, and could not, observe Mr. Carroll on the highway. Mot. at 8-9. "Under Oklahoma law, all negligence claims require proof of a duty, a breach of that duty, and causation." *Martinez v. Angel Exploration,*

---

[2] The government also contends Plaintiff "clearly" failed to exhaust administrative remedies for a survivorship claim and asks the Court to exclude such damages in the event it exercises jurisdiction over the wrongful death claim. Mot. at 15, n. 5. The Court declines to consider this issue as the government has not provided the proper factual and legal foundation to support its contention. *Hill v. Kemp*, 478 F.3d 1236, 1255 n. 21 (10th Cir. 2007) (issues raised in a perfunctory manner will not be considered); *Hardeman v. City of Albuquerque*, 377 F.3d 1106, 1122 (10th Cir. 2004) (issue raised only in footnote before trial court deemed waived).

*LLC*, 798 F.3d 968, 974 (10th Cir. 2015) (citing *Scott v. Archon Group, L.P.*, 2008 OK 45, ¶ 17, 191 P.3d 1207, 1211). "The existence of a duty – a legal obligation to a third person – is a threshold question of law." *Id*. "[W]hether or not a duty exists depends on the relationship between the parties and the general risks involved in the common undertaking. ... The court decides whether a defendant stands in such a relationship to a plaintiff that the defendant owes an obligation of reasonable conduct for the benefit of the plaintiff." *Delbrel v. Doenges Bros. Ford, Inc*., 1996 OK 36, ¶ 7, 913 P.2d 1318, 1320-21 (citation omitted). "The most important consideration in establishing duty is foreseeability." *Id*. The general rule under Oklahoma law is that a defendant owes a duty of care to all persons who are foreseeably endangered by his conduct with respect to all risks which make the conduct unreasonably dangerous. *Trinity Baptist Church v. Brotherhood Mut. Ins. Services, LLC*, 2014 OK 106, ¶ 8, 341 P.3d 75, 84. "Foreseeability as an element of duty establishes a 'zone of risk', that is, whether the conduct 'creates a generalized and foreseeable risk of harming others.' " *Id.* at 84 (citations omitted).

"Concerning duty of care, a driver of a motor vehicle must, at all times, use that degree of care which is reasonable and prudent under the circumstances. ... Therefore, a failure to exercise that degree of care which results in injury to another is actionable negligence." *Dirickson v. Mings*, 1996 OK 2, ¶ 7, 910 P.2d 1015, 1018 (citing *Agee v. Gant*, 1966 OK 31, 412 P.2d 155); *see also Fargo v.*

*Hays-Kuehn*, 2015 OK 56, ¶ 13, 352 P.3d 1223, 1227 ("In applying [the elements of negligence] to automobile negligence cases, we have long recognized that drivers have a duty to operate their vehicle with due care. To fulfill this duty, a driver must do what a prudent person would do under the circumstances of each particular case.") (citations omitted).

The Court finds that under the facts presented here (the icy conditions, the presence of a car stalled in the middle of the highway, the time of day), there existed a clear duty owed by Mr. Smith to pedestrians on the road (whether seen or unseen) to operate the bus in a reasonable and prudent manner. Moreover, the likely presence of a pedestrian near a disabled vehicle, under the circumstances here, raises genuine issues regarding foreseeability. Whether Mr. Smith's actions *actually met* the standard of care, however, is exclusively a question for the jury unless reasonable minds could not differ under the facts presented. *Fargo*, 352 P.3d at 1228. To that end, the Court finds that it cannot, on the current record, make a determination as a matter of law whether Mr. Smith's actions were reasonable and prudent, and thus the question surrounding Mr. Smith's alleged negligence is one that rests with the jury. Genuine issues of material fact exist in this case which preclude the entry of summary judgment. Accordingly, the government's motion on this issue is denied.

## CONCLUSION

Defendant's Motion to Dismiss or in the Alternative Motion for Summary Judgment [Doc. No. 32] is **DENIED** as set forth herein.

**IT IS SO ORDERED** this 3rd day of January, 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE