IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

DIANA CARROLL, as Special )
Administrator of the Estate of )
Rodney James Carroll, deceased, )
                                    )
                 Plaintiff, )
                                    )
v. )     Case No. CIV-15-674-D
                                    )
UNITED STATES OF AMERICA, )
                                    )
                 Defendant. )

**ORDER**

Before the Court is the United States' Motion in Limine [Doc. No. 47]. Plaintiff has filed her response in opposition [Doc. No. 56] and the United States has replied [Doc. No. 57]. The matter is fully briefed and at issue.

**BACKGROUND**

This action stems from an automobile accident in which a Bureau of Indian Affairs school bus struck and killed Plaintiff's husband. In a previous Order, the Court denied the government's Motion to Dismiss, finding Plaintiff's SF-95 claim form adequately presented a wrongful death claim and genuine issues of material fact existed regarding the bus driver's negligence.[1] With an impending bench trial

---

[1] The Court assumes the parties' familiarity with the facts of this case and they will not be restated here. For a more complete discussion of the facts, the Court references its order denying the government's Motion to Dismiss [Doc. No. 59].

in this matter,[2] the government has filed the present motion in limine, asking the Court to: (1) limit the opinions and testimony of Plaintiffs' expert witness, Ronald Blevins, to the issues relevant to this proceeding; (2) prevent Plaintiff from offering testimony and evidence relating solely to issues over which the Court does not have jurisdiction; (3) exclude all references to the Federal Motor Carrier Safety Administration regulations and exclude certain of Blevins' opinions as unreliable and irrelevant; (4) exclude evidence and testimony relating to whether or not the government took subsequent remedial measures; (5) exclude prior written witness statements that were not made under oath; (6) exclude lay witness opinions on the ultimate issues of negligence, causation, and liability; and (7) exclude testimony and evidence that would disclose the identity of minors present on the school bus when the accident occurred.

## STANDARD

Although motions in limine are not formally recognized under the Federal Rules, district courts have long recognized the potential utility of pretrial rulings under the courts' inherent powers to manage the course of trial proceedings. *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984). "A motion in limine presents the trial court with the opportunity 'to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy

---

[2] There is no right to a jury trial under the Federal Tort Claims Act (FTCA). *See* 28 U.S.C. § 2402; *United States v. Neustadt*, 366 U.S. 696, 701 (1961).

argument at, or interruption of, the trial.'" *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1218 (D. Kan. 2007) (quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)). Although such pretrial rulings can save time and avoid interruptions at trial, "a court is almost always better situated during the actual trial to assess the value and utility of evidence. Consequently, a court should reserve its rulings for those instances when the evidence plainly is 'inadmissible on all potential grounds' . . . and it should typically defer rulings on relevancy and unfair prejudice objections until trial when the factual context is developed[.]" *Id.* (citations omitted); *see also Hawthorne Partners v. AT & T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993) ("Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context.").[3]

Some in limine rulings, such as relevance, are preliminary in nature because the required balancing may be reassessed as the evidence is actually presented. Accordingly, "[a] district court may change its ruling at any time for whatever

---

[3] As noted, this case is scheduled for a bench trial as there is no right to a jury trial in FTCA cases. To this end, some courts have held that "[i]n a bench trial, [motions in limine] are unnecessary, as the Court can and does readily exclude from its consideration inappropriate evidence of whatever ilk." *Cramer v. Sabine Transp. Co.*, 141 F.Supp.2d 727, 733 (S.D. Tex. 2001). Nevertheless, motions in limine can be a useful tool in streamlining the case and providing "a valuable aid to the Court when deciding the competence of the evidence presented." *Americans United for Separation of Church and State v. Prison Fellowship Ministries*, 395 F. Supp. 2d 805, 807 (S.D. Iowa 2005).

reason it deems appropriate." *United States v. Martinez*, 76 F.3d 1145, 1152 (10th Cir. 1996) (citation omitted) (quoting *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995)); *see also Luce*, 469 U.S. at 41 ("The ruling is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the defendant's proffer. Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling.").

## DISCUSSION

Based on the foregoing standard, the Court finds as follows:

### I. Mr. Ronald Blevins

The government first moves to exclude evidence from Plaintiff's expert witness, Ronald Blevins, who opines the government is responsible for the death of Plaintiff's husband. The Court previously granted in part the government's *Daubert* motion with respect to such opinions [Doc. No. 58], and that order is incorporated here as it relates to the government's current objections. Accordingly, the government's motion is granted as set forth the Court's previous order.

### II. Evidence Regarding Negligence Allegations

The government next contends Plaintiff never presented a claim for negligent hiring, training, or supervision, and she should thus be precluded from presenting evidence relating to the bus driver's qualifications and training. Plaintiff

4

states she does not intend to introduce evidence to support a cause of action for such claims; however, she states such evidence is relevant as to whether the driver violated his duty of care. Pursuant to Federal Rule of Evidence 403, "the court may exclude relevant evidence if its probative value is substantially outweighed by ... unfair prejudice, confusing the issues ... undue delay, wasting time, or needlessly presenting cumulative evidence." *Id*. The Court finds such evidence is relevant with respect to the bus driver's actions the night of the accident, and the government has failed to meet its burden of showing that such evidence is either irrelevant or its probative value is substantially outweighed by unfair prejudice. Moreover, the risk of confusion or prejudice resulting from this evidence is slight as this is a bench trial, and the Court can accord whatever weight to such evidence it deems appropriate.

## III. Federal Motor Carrier Safety Administration Regulations

On this issue, Plaintiff concedes that the driver's familiarity with FMCSA regulations is irrelevant and does not object to the government's motion to exclude such evidence. Accordingly, the government's motion is granted on this issue.

## IV. Subsequent Remedial Measures

Pursuant to Rule 407, "[w]hen measures are taken that would have made an earlier injury or harm less likely to occur," evidence of subsequent measures is not admissible to prove, among other things, negligence or culpable conduct. *Id*. In this

5

regard, the government seeks to exclude reference to a Serious Accident Investigation Report (SAIR) prepared after the subject accident. According to the government, the SAIR constitutes a subsequent remedial measure. Plaintiff contends the SAIR is not a subsequent remedial measure because its creation was mandatory, it was not prepared for any remedial reason, and it did not implement any remedial measures.

The Court finds any ruling on this issue should be deferred until trial. As noted *supra*, a court should avoid rendering in limine rulings unless the proffered evidence is plainly inadmissible on all potential grounds, and based on the record before it, the Court is unwilling to make a determination that the SAIR at issue meets this standard. Even assuming the report constituted a subsequent remedial measure, such evidence is admissible for other purposes, such as impeachment or the feasibility of precautionary measures. *See* Fed. R. Evid. 407. Moreover, with respect to post-accident reports, the Tenth Circuit has previously stated that "[i]t would strain the spirit of the remedial measure prohibition in Rule 407 to extend its shield to evidence contained in post-event tests or reports." *Rocky Mountain Helicopters, Inc. v. Bell Helicopters Textron*, 805 F.2d 907, 918 (10th Cir. 1986). Accordingly, the government's motion on this issue is deferred until the record is more fully developed at trial.

## V. Hearsay

The government next seeks to exclude two written witness statements it contends constitute inadmissible hearsay under Rule 801. Specifically, the government alleges the statements were not made under oath and not given under penalty of perjury. Plaintiff contends the statements are admissible because they (1) fall under the party opponent exception to the hearsay rule, (2) are being presented for impeachment purposes, (3) constitute a recorded collection, and (4) are not being presented for the truth of the matter asserted. In light of the factual dispute surrounding the documents in question, the Court reserves ruling on this issue until the record is more fully developed at trial.

## VI. Ultimate Issue

The government next asserts that the testimony of two Oklahoma highway patrolmen listed by Plaintiff should be restricted to prevent them from testifying as to the ultimate issues of negligence, causation, and liability. Plaintiff agrees that said witnesses should be prohibited from testifying on such ultimate issues, and further asserts that such testimony should be prohibited as to all witnesses. The government's motion on this issue is granted accordingly.

## VII. Identification of Minors

Plaintiff agrees that all references to minors should be redacted from any documents admitted at trial; therefore, the government's motion is granted on this issue.

## CONCLUSION

In sum, and subject to the requirements of the Federal Rules of Evidence and subsequent developments, the Court's rulings are as follows:

1. Testimony of Ronald Blevins – Granted;

2. Allegations of Negligence – Denied;

3. References to FMCSA Regulations – Granted;

4. Subsequent Remedial Measures – To be determined at trial;

5. Prior Witness Statements – To be determined at trial;

6. Ultimate Issues – Granted; and

7. Identification of Minors – Granted.

**IT IS THEREFORE ORDERED** that Defendant's Motion in Limine [Doc. No. 47] is **GRANTED IN PART** and **DENIED IN PART** as set forth herein.

**IT IS SO ORDERED** this 17th day of January, 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE