# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DIANA CARROLL, as Special Administrator of the Estate of RODNEY JAMES CARROLL, deceased, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-15-674-D |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Defendant. | ) | |

## ORDER

This matter is before the Court on Defendant's Motion to Strike and Motion in Limine [Doc. No. 70], to which Plaintiff has filed her response in opposition [Doc. No. 72]. At the pretrial conference, the Court heard brief arguments from the parties and the matter is now at issue.

## BACKGROUND

On January 12, 2016, the Court amended its Scheduling Order [Doc. No. 16] and required Plaintiff to make her mandatory Rule 26(a) expert witness disclosures and submit expert reports no later than March 7, 2016 [Doc. No. 19]. Plaintiff provided Defendant with notice of the experts and produced an expert report, dated February 24, 2016, from Edward Heler, Ph.D., identified as Plaintiff's damages expert. Defendant did not depose Dr. Heler. Pursuant to the Scheduling Order, all

discovery in this case was to be completed by May 5, 2016. After the close of discovery, on January 23, 2017, Plaintiff provided Defendant a supplemental report from Dr. Heler, nearly one year after the March 2016 expert disclosure deadline and approximately one month before trial is scheduled to begin.

In his original report, Dr. Heler discussed the materials he reviewed and his opinion on damages. Dr. Heler calculated the present value of Plaintiff's total economic loss as $650,024. Since issuing that opinion, Dr. Heler subsequently considered and relied on the depositions of Plaintiff and the decedent's children, Holly Anderson and Jason Carroll. Upon learning that Plaintiff and the decedent had planned to move to Arizona, Dr. Heler also referenced the Arizona Office of Employment and Statistics and an empirical paper by John Scoggins, Ph.D. Among other minimal changes, Dr. Heler modified his definition of "earning capacity" and changed his opinion on the decedent's earning capacity, increasing its present value to $832,865.

Plaintiff contends that Dr. Heler did not espouse new theories in his supplemental report but rather updated his figures so that they would be more accurate at trial. The government, however, contends Dr. Heler has substantially altered his original analysis by relying on new material and methodologies, and requests his supplemental report be stricken in its entirety.

## DISCUSSION

Rule 26(a)(2), Federal Rules of Civil Procedure, governs disclosure of expert testimony and expert reports. It mandates disclosure of the identity of a party's expert, together with disclosure of the expert's detailed report. A party is under a duty to supplement, at appropriate intervals, any disclosures made if it learns that in some material respect the information previously disclosed was incomplete or incorrect, and if the additional or corrected information has not otherwise been disclosed to the parties during the discovery process. Fed. R. Civ. P. 26(e). District courts have broad discretion in deciding whether to allow reports alleged to be in violation of Rule 26. *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 952-53 (10th Cir. 2002). In deciding whether to allow such a report, courts are to consider the following factors: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness. *Id.* (citing *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999)).

Applying these standards, the Court finds the government's motion should be denied. Under the circumstances before it, the Court is unable to conclude Defendant has been unfairly prejudiced by the supplemental report. Dr. Heler's methodology was not changed and his analysis was not so materially altered by the

supplemental material as to constitute a dramatically new opinion. Moreover, the government decided to forego the option of deposing Dr. Heler during the course of discovery and could have sought his deposition over a month ago, when it first received the supplemental report. The government still has the option of cross examining Dr. Heler at trial and its own damages expert will be present to provide rebuttal testimony. Nevertheless, the Court grants the government leave to depose Dr. Heler, if it so chooses, to question him about his report and the amendments at issue. Lastly, the Court finds no evidence of bad faith on Plaintiff's part.

## CONCLUSION

Accordingly, the government's Motion to Strike and Motion in Limine [Doc. No. 70] is **DENIED** as set forth herein.

**IT IS SO ORDERED** this 9th day of February, 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE